**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **v.** | *     **CRIMINAL NO. TDC-17-523** |
| | * |
| **FRANK CRAWFORD III,** | * |
| | * |
| **Defendant** | * |
| | * |
| | ******* |

## RESPONSE TO ORDER TO SHOW CAUSE

I apologize for missing the case management conference scheduled for 10:00 a.m. on May 10, 2018.  I missed the conference due to a bad calendaring practice that will be explained more fully below.  I have also spoken to counsel for the Defendant and apologized to him for any inconvenience I caused him by missing the conference.

1.      On April 27, 2018, the Government filed a Consent Motion for Extension of Time to file a Response to Defendant's pending motion to suppress.  New counsel had recently entered an appearance in the case, and after discussing new counsel's need to review discovery that must be reviewed in the Government offices, as well as new counsel's intention to acquire information regarding his client that he would like the Government to consider in the context of plea negotiations, the parties agreed that the Government would file the Consent Motion for Extension of Time.  The date for the extension was chosen out of acknowledgment of counsel's schedules and also the time necessary for new defense counsel to acquire the anticipated information.

2.      On Wednesday, May 2, 2018, the Court docketed a notice that a Case Management conference would be held on Thursday, May 10, 2018 at 10:00 a.m. to discuss the Consent Motion. I saw the notice the day it came out, and I thought that the time might present a conflict with a

human trafficking conference scheduled for the following Thursday, but I did not yet have the agenda for the conference.

3.      I did not calendar the Case Management conference when I first received notice of it.  It is my practice, on occasions when a judge's chambers circulates a dial-in number, to await the call instructions to calendar a call, in part because it is more efficient in that I only have to do the calendar entry once.  I do calendar entries by using the Ctrl-Shift-1 function in Outlook while the email containing the dial-in information is selected.  Using this function automatically converts the incoming email with the dial-in information into a calendar entry (with the dial-in information in the notes) that I then set for the appropriate date and time.  Additionally, I do my calendaring via Outlook, using my office computer, because I have found in the past that calendar meetings entered on my mobile phone have not crossed over to Outlook.  Furthermore, using the mobile phone does not allow for color coding of calendar entries.  I color code court appearances and meetings as red appointments.

4.      I did not set the Case Management conference on my calendar on May 2, 2018 because I was awaiting the dial-in email as was my practice.  In retrospect, given the number of commitments, volume of email, and other obligations, I should have calendared the notice then so I would not forget it.

5.      On May 3, 2018, I received an email attaching the draft agenda for human trafficking conference, but marked it for later review as I was working on other projects that day.

6.      On May 4, 2018, at 4:22 p.m., chambers forwarded the dial-in information for the Case Management conference scheduled for May 10, 2018.  I was not in the office the afternoon of May 4.  Instead, I had taken annual leave and was in Annapolis, Maryland attending a 30-year retirement ceremony and reception for a former shipmate.  I had my work phone with me in case

2

a call came in, but I did not review work emails that afternoon and my email log shows that I sent no emails after 12:30 p.m. on that day.

7.      I worked on both Saturday, May 5, and Sunday, May 6, but I have no memory of seeing or reviewing the May 4 email with the dial-in information for the Case Management conference.  On those days, I was focused on several discrete projects, including preparing for a meeting with crime victims on May 7, continuing work on two briefs due May 7, and reviewing a plea agreement in a long-standing case.

8.      On May 7, I rose early, focused on continuing work on briefs due that day (I later sought an extension for one of them).  I conducted an evidence review for an upcoming trial in the morning, answered duty calls (I was duty attorney on May 7 and 8), attended an initial appearance, and prepared for and conducted a meeting with crime victims.  After attending to a personal obligation, I continued work on the remaining brief due that day and filed it later that night.

9.      On May 8, I had similar obligations, including status conferences, an initial appearance, a telephone meeting with a crime victim, and continued work on a brief.

10.     On the afternoon of May 8, I noticed on my calendar that a status conference in another case was scheduled during the human trafficking conference the following day.  I sent an email to the appropriate judge's chambers and requested that the status conference be moved to Friday.  I did not remember at that time that the Case Management conference had been scheduled for May 10 in this case, nor was the conference on my calendar due to my failure to put it there.  Had it been, I would have requested that the status conference be moved.

11.     I received the final agenda for the human trafficking conference the evening of May 8 at 6:45 p.m.  It did not trigger a memory regarding the scheduled Case Management conference.

I was primarily concerned with the start time of the human trafficking conference (8 a.m. in Washington, D.C.), given that I knew I would be working late on a brief.

12.     I attended the human trafficking conference all day on May 9.

13.     After a brief witness interview, I attended the human trafficking conference beginning at 8 a.m. on the morning of May 10.  I had no memory of the Case Management conference scheduled for that day.  Chambers helpfully sent a reminder regarding the conference in the 9 o'clock hour that morning, but I did not see that email or any others because I was fully engaged in the conference presentations.

14.     I did not see that anything was amiss until the 11 o'clock hour when I listened to a voice mail from my office (contained in an email on my phone) and saw an email from opposing counsel.  I immediately called chambers to see if the Case Management conference had been rescheduled, and was told that it would be rescheduled for two to three days later.

15.     I then also notified my supervisors that I had missed a status conference, that it was not on my calendar, and that it was my fault.

16.     Later on the afternoon of May 10, after the conference concluded and after preparing an expert for a hearing in another matter, I began to reconstruct what had gone wrong, other than the failure to calendar the initial notice.  I saw that the May 4, 2018 email was opened at some point between May 5 and the afternoon of May 10, but I had (and have) no recollection of when it was reviewed or whether it was reviewed (or simply opened).

17.     I would like to thank the Court for allowing me a few days to file a response to the Order, as my schedule was congested again on Friday, May 11.

18.     Again, I apologize to the Court and opposing counsel for missing the Case Management conference.  I am further reviewing my scheduling practices and my calendar to find

any other errors of omission.  I am very much aware that everyone has a jam-packed calendar, and that is precisely why counsel must either participate in scheduled conferences at the ordered time or inform the Court and other participants of conflicts to allow for rescheduling.

Respectfully submitted,

Robert K. Hur
United States Attorney

/s/ Joseph R. Baldwin
Joseph R. Baldwin
Assistant United States Attorney